# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2003-EC-02380-SCT

*WILLIAM P. GOURLAY*

*v.*

*EDDIE ANDREW WILLIAMS, III*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/27/2003 |
| TRIAL JUDGE: | HON. HENRY L. LACKEY |
| COURT FROM WHICH APPEALED: | BOLIVAR COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | GLEN H. WILLIAMS |
| ATTORNEYS FOR APPELLEE: | LINDA F. COLEMAN |
| | JAMES K. WARRINGTON |
| NATURE OF THE CASE: | CIVIL - ELECTION CONTEST |
| DISPOSITION: | AFFIRMED - 06/10/2004 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE SMITH, C.J., COBB, P.J., AND CARLSON, J.**

**SMITH, CHIEF JUSTICE, FOR THE COURT:**

¶1. This is an appeal from an election contest. Incumbent William P. Gourlay filed a petition pursuant to Miss. Code Ann. § 23-15-963 (Rev. 2001) contesting the qualifications of Eddie Andrew Williams, III. Williams defeated Gourlay in the 2003 Democratic Party primary election for the office of Bolivar County Supervisor (District 1). After a hearing, the petition was denied by the Bolivar County Election Commission. Gourlay appealed to the circuit court.

¶2. During the proceedings before the circuit court, Williams made an ore tenus motion that any such contest brought prior to the general election questioning his qualifications as a party nominee should have

been brought pursuant to Miss. Code Ann. § 23-15-961 (Rev. 2001). The trial court agreed and dismissed the petition because Gourlay did not satisfy the deadline set forth in § 23-15-961(1).

**FACTS**

¶3.      By the March 1, 2003, qualifying deadline, only William P. Gourlay and Eddie Andrew Williams, III, had qualified for the Democratic Party nomination for the office in question. Williams became the Democratic nominee by wining the August 5, 2003, Democratic primary. On September 4, 2003, Gourlay, relying on § 23-15-963, timely filed a petition alleging that because Williams was not a resident of Bolivar County and he was unqualified. After a hearing, the Bolivar County Election Commission denied the petition, and Gourlay appealed to the circuit court.

¶4.      This Court appointed the Honorable Henry L. Lackey, Circuit Judge to preside over the matter. A hearing was conducted over two days during which both parties presented several witnesses and evidence regarding Williams's residence. Gourlay alleged that Williams actually lived with his wife and child in an apartment in Clarksdale, Mississippi (Coahoma County) despite the fact that Williams was the Mayor of Rosedale, Mississippi (Bolivar County). These allegations were supported by substantial evidence including video surveillance tapes provided by a private investigator hired by Gourlay.

¶5.      As the hearing neared its conclusion, Williams moved to dismiss the petition based on the fact that Gourlay relied on the wrong statute for challenging the qualifications of a candidate for *party* nominee *prior to the general election*. The trial court agreed and, without ruling on the issue of residency, dismissed the petition. The trial court held that § 23-15-961 was the only statute which allowed a person to contest the qualifications of a candidate for party nominee prior to the general election. It held that § 23-15-963 provided the procedure for challenging the qualifications for an *independent* candidate. Because

Gourlay failed to file his petition prior to the expiration of the ten-day deadline provided under § 23-15-961, it was time barred.

¶6.     Filing a bill of exceptions, Gourlay appealed and requested that this Court stay the general election. By order dated October 31, 2003, this Court denied the stay request.

**ANALYSIS**

¶7.     Gourlay raises several issues, but all generally fall under the Court's interpretation of §§ 23-15-961 and 23-15-963.

> **I.      Mississippi Code Ann. §§ 23-15-961 vs. 23-15-963: Whether § 23-15-963 is Available to Contest the Qualifications of a Party Nominee Prior to the General Election?**

¶8.     Miss. Code Ann. §§ 23-15-961 and 23-15-963 address election contests challenging the *qualifications* of a candidate *prior to the general election*.  The critical distinction between the application of § 23-15-961 and § 23-15-963 is the fact that the former is the sole means for contesting the qualifications of a candidate seeking office as a party nominee.  Because the contest in the instant case concerns the qualifications of Williams as a party nominee, it should have been filed pursuant to § 23-15-961.

¶9.     In reviewing questions of law, this Court proceeds de novo. ***Callahan v. Leake County Democratic Executive Comm.***, 773 So.2d 938, 940 (Miss. 2000) (collecting authorities).  We have long held that where a statute is plain and unambiguous there is no room for construction. ***Id***.

¶10.    The trial court was correct in holding that this suit was barred.  However, we note that Section 23-15-961 provides in pertinent part:

> (1) Any person desiring to contest the qualifications of another person as a candidate for nomination in a political party primary election shall file a petition specifically setting forth the grounds of the challenge within ten (10) days after the qualifying deadline for the office

3

in question. Such petition shall be filed with the executive committee with whom the candidate in question qualified.

\*\*\*\*\*

(7) The procedure set forth above shall be the sole and only manner in which the qualifications of a candidate seeking public office as a party nominee may be challenged prior to the time of his nomination or election. After a party nominee has been elected to public office, the election may be challenged as otherwise provided by law. *After a party nominee assumes an elective office, his qualifications to hold that office may be contested as otherwise provided by law.*

Miss. Code Ann. § 23-15-961 (Rev. 2001) (emphasis added). This Court leaves it to Gourlay to determine what other procedures are "otherwise provided by law."

## CONCLUSION

¶11.    For these reasons, we affirm the trial court's judgment.

¶12.    **AFFIRMED.**

**WALLER AND COBB, P.JJ., EASLEY, CARLSON, GRAVES, DICKINSON AND RANDOLPH, JJ., CONCUR.  DIAZ, J., NOT PARTICIPATING.**